UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JAYELL WHITE,

                         Petitioner,

                    - against -

UNITED STATES OF AMERICA,

                        Respondent.

                              ORDER

                           07-CV-3989 (NGG)

-------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

On September 13, 2007, Petitioner Jayell White ("Petitioner") filed an application for a

writ of habeas corpus under 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons'

("BOP") decision to bar him from its community-based programs after he failed its Drug

Rehabilitation Program. (Petition (Docket Entry # 1) at 1-3.) Petitioner argues that BOP's

decision was arbitrary, contrary to its policies, unfair, and partially motivated by racial prejudice.

(Id. at 3-4.) Petitioner asks the court to restore his entitlement to participate in BOP's

community-based programs. (Id. at 5.)

Petitioner also appears to be asserting a Bivens claim for damages against a BOP staff

member named Ms. Rogers. Petitioner asserts that Ms. Rogers provided a white inmate who also

failed BOP's Drug Rehabilitation Program with the opportunity to retain eligibility for BOP's

community-based program, but did not provide a similar opportunity to Petitioner, who is

African-American. (Supplemental Filing (Docket Entry # 1) at 1-2; Addendum to Petition

(Docket Entry # 3) at 1-3.)

On November 19, 2007, the United States Attorney for the Eastern District of New York

informed the court that Petitioner had received a full-term release from the Metropolitan

Detention Center on October 15, 2007. (Government Letter of November 19, 2007 (Docket

Entry # 6) Attachment B.)

## I.      Petitioner's Application under Section § 2241

Even if a claim was properly brought initially, it must be dismissed as moot if events

subsequently occur that would prevent the court from fashioning effectual relief. See Levine v.

Apker, 455 F.3d 71, 77 (2d Cir. 2006). Here, Petitioner has been released from the MDC and is

no longer subject to a term of supervised release. As he is no longer in custody, this court

would not be able to provide him with effectual habeas relief — i.e., with restoration of his

entitlement to participate in BOP's community-based programs — even if his application under

section 2241 had merit. See, e.g., Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008)

(transfer to federal institution made a challenge to conditions of confinement at state

penitentiary moot). Petitioner's section 2241 claim is therefore dismissed as moot.

## II.     Petitioner's Bivens Claim

As noted above, Petitioner appears to be asserting a Bivens claim against Ms. Rogers for

violating his constitutional right to equal protection. Unlike his section 2241 claim, Petitioner's

Bivens claim is not made moot by his release from the MDC. Petitioner is directed to notify the

court within thirty (30) days of the date of this Order if he wishes to proceed with a Bivens

claim against Ms. Rogers.

## III.    Conclusion

As discussed above, Petitioner's section 2241 claim is dismissed as moot.  Petitioner is directed to notify the court within thirty (30) days of the date of this Order if he wishes to proceed with a <u>Bivens</u> claim against Ms. Rogers.  If he does not so notify the court, this case will be dismissed.

SO ORDERED.

Dated: June 23, 2008
       Brooklyn, New York

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge